## LINN C. LIGHTNER v. SAMUEL R. LIGHTNER.

ERROR TO THE COURT OF COMMON PLEAS OF PERRY
COUNTY.

Argued May 29, 1889—Decided June 28, 1889.

(a) A testator by his will, after bequeathing a legacy of $1,000 to his
son H., divided the residue of his estate equally between his two sons
H. and L., and then provided: "I desire that my son L. receive $1,000
as soon as he arrives at the age of 21 years, and that the remainder of
his share be invested in a farm, he, the said L., having full control
. . . . . of the farm, and receiving all . . . . . proceeds therefrom, but
not having power to sell," with remainder to his children.

1. In such case, the testator's intention was, that upon attaining his ma-
jority L. should have $1,000 paid to him absolutely, and it was error
for the court below to deduct therefrom advances made for L.'s main-
tenance, by his guardian, from time to time, under decrees of the Or-
phans' Court.

2. The remaining gift to L., under the will, was a present and absolute
interest for life in the fund, vested upon the death of the testator. The
income followed the title and was L.'s absolute property, applicable
during minority to his maintenance, under direction of the court, but
the accumulations payable to him at majority, in addition to the $1,000.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and
MITCHELL, JJ.

No. 43 July Term 1889, Sup. Ct.; court below, No. 38 April
Term 1889, C. P.

On March 1, 1889, a case stated in the nature of a special
verdict, was submitted, wherein Linn C. Lightner was plaint-
iff, and Samuel R. Lightner, guardian of Linn C. Lightner,
was defendant. The case stated set out the following facts:

1. That Wm. H. Lightner, died on June 19, 1886, testate,
resident of the township of Tyrone, county and state afore-
said, leaving to survive him two sons, Linn C. Lightner, of
whom Samuel R. Lightner is guardian, and Horace W Light-
ner, of whom Henry P. Lightner is·guardian, the said Linn C.
Lightner, arriving at the age of twenty-one years on or about
March 25, 1889.

2. That contained in the will of the said Wm. H. Lightner, deceased, is, inter alia, the following:

"I desire that my son Linn C. Lightner receive $1,000 as soon as he arrives at the age of 21 years, and that the remainder of his share be invested in a farm, he the said Linn C. Lightner having full control and management of farm, and receiving all revenues and proceeds therefrom, but not having power to sell or convey said farm; and in case that the said Linn C. Lightner dies without legal issue or widow then the farm reverts to Horace W. Lightner or his legal heirs, but in the event of Linn C. Lightner dying and leaving issue, then the two-thirds of the farm reverts to his children and the interest of one third to his widow, but if he leaves no widow then the whole of farm will belong to his children.

"And I hereby appoint Joseph Wagoner, D. B. Milliken and my son Linn C. Lightner to select and purchase the farm for my son, provided however that all three of the persons named are satisfied and agreed both as to location and price of farm."

3. That by certain decrees of the Orphans' Court of the said county and state, of dates September 14, 1886, April 13, 1887, and April 14, 1888, the said Linn C. Lightner received certain moneys amounting in all to the sum of $700, and by certain payments made by the said guardian, Samuel R. Lightner, the full sum of $1,000 was paid.

4. That the question is, does the $1,000 advanced to the ward, Linn C. Lightner, by the guardian, Samuel R. Lightner, pay, in full, in accordance with the terms of the will of the said Wm. H. Lightner, or is the said Linn C. Lightner entitled to receive an additional $1,000 upon his arriving at the age of twenty-one years, the $1,000 already paid him being advanced under the decrees of the said court for necessaries.

5. That Linn C. Lightner is entitled by said will, at the death of his father, to $8,000, and that the same has been upon interest since his death, and at this date—nearly three years— has this fund been upon interest. No farm has ever been purchased for Linn C. Lightner, as his father's will directed and contemplated, nor have the referees named in the will of William H. Lightner either fixed location, value, or attempted so to do, of a farm for said Linn C. Lightner.

6. If your honorable court find that he, the said Linn C. Lightner, is entitled to receive the additional $1,000, then judgment for the plaintiff; if otherwise, judgment to be entered for the defendant; the costs to follow the judgment and either party reserving the right to sue out a writ of error therein, without oath or bail.

The will of the testator contained also the following provisions:

"I will and bequeath to my son Horace W. Lightner one thousand dollars ($1,000) on account of work done and attention to me during my illness."

[Here followed the provisions quoted in the case stated.]

"It is my desire that my son Horace W. Lightner receive his portion of this bequest when he arrives at the age of twenty one years."

\*       \*       \*       \*       \*       \*       \*       \*       \*

"Further it is my desire that in case my son Horace W. Lightner should die before arriving at the age of twenty-one years, that his share of my estate be invested in real estate in the same manner and by the same persons for my son Linn C. Lightner, he having just the same interest in it and receiving the same benefits from it that he does from his own share, but no power to sell or convey the same."

On March 29, 1889, the court, BARNETT, P. J., filed an opinion, which after stating the facts agreed upon, proceeded:

Under this statement of facts it will be observed that no provision is made in the will for the support and education of Linn C. Lightner during his minority; also, that no question is raised as to the propriety of the decrees made by the Orphans' Court, but on the contrary the fact as stated is, that the $1,000 were "advanced under the decrees of said court for necessaries." We are of opinion, therefore, that the case falls within the provisions of § 13, act of March 26, 1832, P. L. 193: "When any one shall die, leaving an infant child or children, without having made an adequate provision for the support and education of such child or children, during their minority, the Orphans' Court may direct a suitable periodical allowance, out of the minor's estate, for the support and educa-

tion of such minor, according to the circumstances of each case; which order may, from time to time, be varied by the court, according to the age of the minor and circumstances of the case."

Upon reference to the will itself, it appears the testator having given a legacy of $1,000 to his son Horace W. Lightner, then further provides: "It is my will that all the balance of my property be divided equally between my two sons Linn C. Lightner and Horace W. Lightner in the following manner;" and then follows the provision copied into the case stated. There is here a separate and antecedent gift, which is independent of the directions as to time of payment, and therefore the legacy of $1,000 to Linn C. Lightner is a vested legacy: Seibert's App., 13 Pa. 503; Bowman's App., 34 Pa. 19. But whether the legacy be vested or contingent, the legatee, by virtue of said act of assembly, may have an allowance, at least out of the interest, for his support and education: Seibert's App., 19 Pa. 49; Seitz's App., 87 Pa. 159. We are not aware that it has been decided that such allowance may not be made out of the corpus of the legacy. That question was left undecided in Leiby's App., 49 Pa. 186.

As to the remainder of Linn C. Lightner's share, directed by the testator to be invested in a farm, the intention being clear to give only the usufruct of the investment to said legatee for life, and after his death the investment or the farm purchased therewith, to his heirs mentioned, Linn C. Lightner has no absolute right of property in the corpus of the fund to be invested; this was otherwise disposed of by the testator: Bentley v. Kauffman, 86 Pa. 99. But he had an absolute right of property in the vested legacy.

Furthermore, it would appear from the will (which was presented with the case stated) that Linn C. Lightner was not intended to come into the enjoyment of either the absolute legacy, or the farm, until he had attained the age of twenty-one years. The provision respecting Horace is, "It is my desire that my son Horace W. Lightner receive his portion of this bequest when he arrives at the age of twenty-one years." In respect to Linn C. Lightner it is, "I desire that my son Linn C. Lightner receive $1,000 as soon as he arrives at the age of twenty-one years, and that the remainder of his share be in-

vested in a farm." That remainder would be the residue of his share of the estate, principal and interest, after deducting the one thousand dollars ; or, in other words, the whole of Linn C. Lightner's share of the estate, with its accumulated interest at the time he attains his majority, is to be invested in a farm, excepting only the legacy of one thousand dollars. If now we give said legatee " an additional $1,000 upon his arriving at the age of 21 years," it can only be done by taking from the remaindermen property to which they have an absolute right, and, in violation of that right and the manifest intention of the testator, bestowing it upon one absolutely who is entitled only to a life interest. This we think cannot be done. If the legatee has been advanced the corpus of his own estate, no wrong at least has been done to any other person; but if it now be paid from the corpus of another's estate, the remaindermen would have just cause of complaint.

Being of opinion that the said Linn C. Lightner is not entitled to receive the additional $1,000, we therefore, in accordance with the terms of the case stated, now, this March 29, 1889, enter judgment for the defendant.

Judgment having been entered the plaintiff took this writ, alleging that the court erred in entering judgment for the defendant.

*Mr. B. F. Junkin*, for the plaintiff in error.

*Mr. 'W. H. Sponsler* (with him *Mr. E. R. Sponsler*), for the defendant in error.

OPINION, MR. JUSTICE MITCHELL :

The scheme of the will in controversy is plain and simple. It gives the testator's son Horace a legacy of one thousand dollars, and divides all the residue of his estate equally between his sons Horace and Linn. Horace's share is given absolutely to be paid to him on arrival at the age of twenty-one, with a conditional devise over in case of death before that time. Linn's share is given in the following words: " I desire that my son Linn C. Lightner receive one thousand dollars as soon as he arrives at the age of twenty-one years, and that the re-

mainder of his share be invested in a farm, he the said Linn C. Lightner having full control and management of farm, and receiving all revenues and proceeds therefrom, but not having power to sell," etc., with remainder to his issue, and in default of issue, devise over to Horace or his heirs. The testator intended that on coming of age his son Linn should have a cash sum of one thousand dollars put in his hands to start with. The gift for that purpose is absolute, and no provision is made for reduction or abatement. If his whole share had amounted only to that sum, on reaching the stipulated age it would all have been payable to him without regard to the consequent failure of the provision for a farm. So long as that amount remained, it became his absolutely and presently, and the court has no authority to say that it shall be reduced by sums paid previously and for a different purpose. To do so is to substitute a new will for that which the testator made. We are therefore clearly of opinion that there must be judgment for the plaintiff.

The learned court below was largely influenced by the consideration that plaintiff had but a limited interest in the money to be invested in the farm, and an absolute property only in the legacy of one thousand dollars, and that the sums paid for his maintenance during minority should therefore come out of this latter fund. Such a result might have followed had it become necessary to use up the fund for maintenance during minority, but it could not do so until all the rest of the share had been exhausted. As already said the specific gift of the one thousand dollars was the primary and controlling intent of the testator, and must be carried out so long as any portion of the share remains to pay it with. It is only the remainder after payment of this sum that is directed to be invested in a farm.

Nor do we find any difficulty in regard to the income. The gift of the shares themselves is not by way of remainder, or of a future contingent estate, but is, in terms, absolute, present, and immediate—" it is my will that all the balance of my property be divided equally between my two sons . . . . . in the following manner,"—and then follows the provision for his son Linn already quoted. In the case of Horace there is a subsequent devise over in the event of his death before reaching the age of twenty-one, but in the case of Linn there is no contin-

gency of any kind between him and his life estate. It is postponed as to full enjoyment, till majority, but the gift itself is of a present and absolute interest for life in the fund, vesting at once upon the death of the testator, and there is neither gift over of the income, nor direction to accumulate during minority. If the devise had been of real estate, the title would have passed by the will directly and immediately to Linn for life. As it was of personalty his interest is equally direct and immediate. The title being in him, the income followed the title, and was his absolute property both before and after majority. During minority of course it was applicable to his maintenance under the direction of his guardian or of the Orphans' Court. If there are any accumulations they are payable to him on coming of age, in addition to the thousand dollars of the corpus of the fund, given him specifically by the will.

> Judgment reversed, and now judgment for plaintiff on the case stated for $1,000.